IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 7:20-CV-403 |
| 0.604 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND ARGUS RESOURCES, INC., *et al.*, | § § § § § § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER F.R.C.P. 26(f)**

**1.  State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

Pursuant to Rule 26(f) Federal Rules of Civil Procedure, AUSA J. Parker Gochenour conferred via phone with Mr. Victor Canales, counsel for Balbina Prado, on March 15, 2021. It should be noted for the court that Balbina Prado has indicated that she "speaks for and represents the interests for all her siblings" who are also interested parties on Schedule G.

The United States has been unable to continue to confer with Mr. Canales regarding this case management plan after numerous emails and phone calls from March 15, 2021 through April 23, 2021. The United States will serve Balbina Prado via personal service as her address is known. The United States already attempted to serve Balbina Prado on April 13, 2021 but was unsuccessful. The United States will serve Defendants, Esperanza Rodriguez, Zulema Rodriguez, Higinio G. Rodriguez, Efrain Rodriguez, Juan Manuel Rodriguez, Israel Rodriguez and the Unknown Heirs of Higinio Rodriguez by publication in accordance with Fed. R. Civ. P. 71.1(d)(3)(B). The United States has already effectuated service on the heirs of Geronimo Hinojosa as publication commenced on February 12, 2021 and was completed on February 26, 2021. See *Docket No. 14*. As of the filing of this Joint Discovery/Case Management Plan, no defendant has expressed interest in participating in the drafting of this case management plan.

    The United States received and filed a Disclaimer for Argus Resources, Inc. on December 14, 2020 and the court subsequently dismissed them on December 15, 2020.

2. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

    Parties will provide initial disclosures pursuant to Rule 26(a)(1)(A) on or before March 31, 2021 pursuant to Rule 26(a)(1)(C). Disclosures made by the United States will be based on plans prior to the Executive Order issued by President Biden.

3. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

    None at this time.

4. **<u>Briefly</u> describe what this case is about.**

    This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property to construct, install, operate and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors and related structure designed to help secure the United States/Mexico border with the state of Texas under the power of eminent domain through a Declaration of Taking and for the determination and award of just compensation to the owners and parties in interest.

5. **Specify the allegation of federal jurisdiction.**

    Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

6. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

    None.

7. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

    None.

8. **List anticipated interventions.**

    None.

9. **Describe any class-action issues.**

   None.

10. **Describe the discovery plan proposed by the parties, including:**

    A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

    None.

    B. **When and to whom the plaintiff anticipates it may send interrogatories?**

    Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates sending interrogatories to the Property Owners after the entry of this Court's scheduling order.

    C. **When and to whom the defendant anticipates it may send interrogatories?**

    Based on the United States' communications with the Defendants, the Defendants do not anticipate participating in discovery at this time.

    D. **Of whom and by when the plaintiff anticipates taking oral depositions?**

    Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates taking oral depositions of the Property Owners' fact witnesses and other relevant witnesses prior to the end of the discovery period, assuming no delays in written discovery and subpoenas, if any.

    E. **Of whom and by when the defendant anticipates taking oral depositions?**

    Based on the United States' communications with the Defendants, the Defendants do not anticipate participating in discovery at this time.

    F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

    The Defendants are the parties with the burden of proof. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States would agree, subject to the Court's approval, to designate experts within 180 days of the scheduling order in this case. The United States would additionally request that the Court set an additional deadline in its Scheduling

Order for rebuttal experts.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Based on the United States' communications with the Defendants, the Defendants do not anticipate participating in discovery at this time.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The Defendants are the parties with the burden of proof. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates deposing any experts designated by the Defendants by the end of the discovery period as set out by the Court in its Scheduling Order.

I. **All other matters raised in Rule 26(f).**

Not Applicable.

11. **If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Parties are in agreement with the proposed discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. No discovery has taken place to date. The United States is awaiting guidance on whether it will be allowed to proceed with this case. The United States has continued efforts to serve all named parties and to resolve title issues.

13. **State the date the planned discovery can reasonably be completed.**

Subject to guidance from the Administration as to this condemnation to construct a wall/bollard fence on the condemned property, the United States anticipates that discovery can be reasonably completed within 9 months after the entry of the Court's scheduling order.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have been unable to resolve the case due to title issues and the Executive Order issued by President Biden on January 20, 2021. The United States has contacted multiple

parties included in Schedule G but has not been able to determine title or agree on appropriate compensation for the taking with all defendants. At this time, the United States anticipates a title hearing will be needed in this case whether the condemnation is allowed to proceed or if revestment of the interest acquired becomes an option.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Prior to filing suit, between July 2020 and August 2020, the United States Army Corps of Engineers (USACE) and/or the Department of Justice (DOJ) participated in discussions with numerous defendants regarding the offer to sell. The USACE and the DOJ mailed out valuation letters and offers to sell to known defendants.

On July 27, 2020, the United States mailed Balbina Prado an offer to sell notice packet.

On August 4, 2020, the United States attempted to contact Balbina Prado, but was unsuccessful.

On August 4, 2020, Balbina Prado contacted the United States and informed them she would be submitting an offer to sell notice packet soon.

On August 6, 2020, the United States was contacted by Ana Prado, daughter of Balbina Prado, and indicated that her mother had questions concerning the offer to sell notice packet.

On August 11, 2020, the United States contacted Balbina Prado to discover if the offer to sell packet had been mailed.

On August 14, 2020, the United States was in receipt of an offer to sell packet from Balbina Prado for an amount of $1,963.00.

Unfortunately, due to the number of unknown interested parties listed in this case, and the need to resolve title issues, condemnation was needed and sought in December 2020.

On December 7, 2020, the United States attempted to contact Balbina Prado, but was unsuccessful.

On December 11, 2020, the United States contacted Balbina Prado and she indicated that she has retained an attorney in the case, Mr. Victor Canales, and provided us with his contact information.  She further clarified her contact information and family history as it relates to this property.

On December 11, 2020, the United States attempted to contact Argus Resources, Inc and Mr. Victor Canales via phone calls but was unsuccessful.

On December 11, 2020, the United States was contacted via email by Mr. Charles Grehn and Argus Resources, Inc., disclaiming their interests.

On December 15, 2020, the United States contacted Mr. Victor Canales via phone calls and explained the status of the case to him and discussed the need of an affidavit of heirship and agreement for possession.

On December 15, 2020, January 5, 2021, January 13, 2021, January 14, 2021, January 22, 2021, January 26, 2021, February 2, 2021, February 9, 2021, February 17, 2021, February 22, 2021, February 26, 2021, March 11, 2021, and March 15, 2021, the United States contacted Mr. Canales via email, updating him on President Biden's recent Proclamation and its effect on this case. The United States also inquired about the status of the affidavit of heirship and agreement for possession.

On January 8 and 19, 2021, the United States attempted to contact Mr. Victor Canales via phone calls but was unsuccessful.

On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. The United States continues to await guidance on whether it will be allowed to proceed with this case. In the interim, the United States will continue efforts to resolve title issues, serve named parties, and locate unknown parties. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the parties will resume settlement negotiations in detail. However, given there are title issues to be resolved and a party claiming sole ownership by way of an adverse possession claim, a title hearing will be necessary.

On January 22, 2021, the United States contacted Mr. Canales via phone calls and discussed the affidavit of heirship and agreement for possession with him.

On February 9, 2021, February 12, 2021, and March 12, 2021, the United States attempted to contact Mr. Canales via phone calls but was met with negative contact.

On March 15, 2021, the United States contacted Mr. Canales via phone calls and discussed that an affidavit of heirship and agreement for possession would be completed and returned within a week. Mr. Canales indicated his clients were in favor of the agreement for possession and are cooperating as to the affidavit of heirship.

From March 19, 2021 through April 23, 2021, the United States as attempted to call, text, and email Mr. Canales to jointly work on this case management plan. The United States also attempted to contact Mr. Canales about the completion of an affidavit of heirship and waiver of services for all parties. All attempts were unsuccessful.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The United States is amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The United States does not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    The United States makes no demand for a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The United States anticipates that it will take no more than 48 hours to try this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve special attention of the court at the conference.**

    Subject property presents title issues that will need to be resolved prior to a hearing on just compensation.

    It is possible that rebuttal experts may be needed in this matter. The United States requests that the Court set a rebuttal expert deadline for forty-five (45) days after the date of the mutual expert report exchange.

    The United States notes that the uses of the property as stated in Schedule B may change depending on the awaited guidance from the Administration.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

    Plaintiff filed a Disclosure of Interested Parties with the Court on February 18, 2021.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    COUNSEL FOR PLAINTIFF:

ALEXANDER N. DERGARABEDIAN
Assistant United States Attorney
Southern District of Texas No. 3381593
1701 W. Bus. Hwy. 83, Suite 600
McAllen, TX 78501
Telephone: (956) 992-9380
Facsimile: (956) 618-8016
E-mail: alexander.dergarabedian@usdoj.gov
Attorney in Charge for Plaintiff

J. PARKER GOCHENOUR
Assistant United States Attorney
Southern District of Texas No. 3620167
Virginia Bar No. 90069
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Telephone: (956) 586-8758
Facsimile: (956) 618-8016
E-mail: James.Gochenour@usdoj.gov
Attorney for the United States of America

                Respectfully submitted,

                **JENNIFER B. LOWERY**
                Acting United States Attorney
                Southern District of Texas

By:    *s/ Alexander N. DerGarabedian*
                **ALEXANDER N. DERGARABEDIAN**
                Assistant United States Attorney
                Southern District of Texas No. 3381593
                New York Bar No. 5103577
                1701 W. Bus. Hwy. 83, Suite 600
                McAllen, TX 78501
                Telephone: (956) 992-9380
                Facsimile: (956) 618-8016
                Email: alexander.dergarabedian@usdoj.gov
                Attorney In Charge for the United States of America

*s/ J. Parker Gochenour*
**J. PARKER GOCHENOUR**
Assistant United States Attorney
Southern District of Texas No. 3620167
Virginia Bar No. 90069
11204 McPherson Road, Suite 100A
Laredo, Texas 78045
Telephone: (956) 586-8758
Facsimile: (956) 618-8016
E-mail: James.Gochenour@usdoj.gov
Attorney for the United States of America

## CERTIFICATE OF SERVICE

I, Alexander N. DerGarabedian, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on April 22, 2021, counsel has been served with a true and accurate copy of the foregoing document via ECF.

By: *s/ Alexander N. DerGarabedian*
**ALEXANDER N. DERGARABEDIAN**
Assistant United States Attorney